## W. T. Smith v. Commonwealth.

**Criminal Law—Self-Defense.**

　　If at the time a defendant stabs another he had reasonable ground to believe and did believe that the deceased was about to kill another or do him great bodily injury, such defendant had a right to employ such means as may have been reasonably necessary to avert the ap-.parently impending danger. Whatever one may lawfully do in his own defense another may lawfully do for him.

**Misconduct of Juror.**

　　There is no error in refusing to grant a new trial on account of the alleged misconduct of a juror upon the mere ex parte affidavit of a single witness. A verdict should not be set aside on such grounds without the clearest and most satisfactory evidence.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 21, 1877.

Opinion by Judge Cofer:

Whatever one may lawfully do in his own defense another may lawfully do for him. If at the time the appellant stabbed the ac-

cused he had reasonable ground to believe and did believe that the deceased was about to kill Barnes, or do him some great bodily injury, the appellant had a right to employ such means as may have been reasonably necessary to avert the apparently impending danger. There was some evidence conducing to show that the deceased had assaulted Barnes and was holding him with his arms pinioned to his body at the moment when the fatal blow was struck.

We intimate no opinion whether the evidence was sufficient to create in the mind of the appellant a reasonable belief that Barnes was in danger of losing his life, or of suffering great bodily injury at the hands of the deceased, or that it was apparently necessary for him to strike to save Barnes, but there was enough evidence to entitle him to have the subject submitted to the jury for decision, and the court should have given the substance of the instruction asked for by the appellant.

But there was no evidence tending in any degree whatever to prove that Barnes was in danger from any one besides the deceased, and the words, "or Ownes and others" should have been stricken from the instructions as asked, and the residue should have been given.

In instruction marked "4" the court told the jury that if they had a doubt as to the grade of the offense of defendant they should give him the benefit of such doubt and only find the lower offense, viz., manslaughter. It seems to us that in that instruction the court assumed that the appellant was guilty of some offense, and that, on that account, the instruction was erroneous and misleading.

These conclusions render it unnecessary that we should decide other questions urged in argument by appellant's counsel, further than to remark that the inclination of courts and legislatures seems to favor such a course in the prosecution of persons charged with a public offense as will give the accused the benefit of the testimony of all witnesses who know any fact that may tend to his exculpation, and that the court was not bound to try the parties in the order in which their names appeared in the indictment, but had a discretion to try them in the order best calculated to secure a full and fair hearing of the case of each defendant on its merits.

There was clearly no error in refusing to grant a new trial on account of the alleged misconduct of the juror, upon the mere ex parte affidavit of a single witness. A verdict should never be set aside upon such grounds without the clearest and most satisfactory evidence, and it may well be questioned whether an ex parte affidavit

should ever be allowed to be read in support of such a ground, unless from some cause, shown to the satisfaction of the court, it is impracticable to produce the witness in court where he can be subjected to a cross-examination.

For the errors indicated the judgment is *reversed* and the cause remanded for a new trial.

*W. H. Holt, Turner & Wood, for appellant.*
*Moss, for appellee.*